**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**WILLIE GAMMON** **PLAINTIFF**

**VS.** **2:07CV00148-WRW**

**ARKANSAS HIGHWAY & TRANSPORTATION DEPARTMENT, ARKANSAS HIGHWAY POLICE, DAN FLOWERS, director of AHTD, RON BURKS, chief of AHP.** **DEFENDANTS**

**ORDER**

Pending is Defendant's Motion to Dismiss (Doc. No. 5), to which Plaintiff has responded (Doc No. 14). For the reasons stated below, the Motion is GRANTED in part and DENIED in part.

## I. BACKGROUND

Plaintiff Willie Gammon, an African-America, was employed by Defendant Arkansas Highway Patrol ("AHP") for approximately twenty-two (22) years before being terminated. The AHP is a division of Defendant Arkansas Highway and Transportation Department ("AHTD"). Plaintiff worked for AHP

On November 7, 2007, Defendant Ron Burks ("Burks'), Chief of AHP, notified Plaintiff that he was being terminated for exhausting his leave and failing to answer requests regarding his status or employment intentions by AHP. The letter noted that the termination was effective September 6, 2007.

Plaintiff brought this action against his former employers for violations of Title VII of the Civil Rights Act of 1964, the Arkansas Civil Rights Act of 1993, and 42 U.S.C. § 1981. Plaintiff contends that he was fired while he was absent from work due to an illness and that he was paid

a different salary than similarly situated white employees. Plaintiff requests compensatory damages, punitive damages, back-pay, liquidated damages, injunctive relief, and reinstatement or front-pay.

Defendants argue that Plaintiff's complaint should be dismissed because (1) the AHTD and AHP are immune from suit under the Eleventh Amendment; (2) the Eleventh Amendment prevents Plaintiff from seeking money damages against the director of the AHTD, Dan Flowers ("Flowers"), and the chief of AHP, Burks, in their official capacity; (3) the different salary issue is barred by *res judicata* since it has already been litigated and summarily dismissed;[1] and (4) Plaintiff has failed to state a claim against Defendant Flowers or Defendant Burks for which relief can be granted.

## II. STANDARD

A motion to dismiss should not be granted unless it appears beyond doubt that a plaintiff can prove no set of facts which would entitle him to relief.[2] The complaint's allegations must be accepted as true; and, the complaint, and all reasonable inferences arising from it, must be construed in a plaintiff's favor.[3] A complaint should not be dismissed merely because the complaint does not state with precision all elements that give rise to a legal basis for recovery.[4]

## III. DISCUSSION

---

[1]*Gammon v. Flowers, et al*, 2:04CV00205 SWW, *affirmed* 211 Fed. Appx. 523 (8th Cir. 2006).

[2]*Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784, 787 (8th Cir. 1979).

[3]*United States v. Mississippi*, 380 U.S. 128, 143 (1965); *Bennett v. Berg*, 685 F.2d 1053, 1059 (8th Cir.1983); *Bramlet v. Wilson,* 495 F.2d 714, 717 (8th Cir. 1974).

[4]*Bramlet v. Wilson*, 495 F. 2d 714, 716 (8th Cir. 1974); *Smith v. Quachita Technical College,* 337 F.3d 1079, 1080 (8th Cir. 2003).

**A. Eleventh Amendment Sovereign Immunity**

**1. Defendants Arkansas Highway and Transportation Department and Arkansas Highway Patrol**

Defendants AHTD and AHP argue that the Eleventh Amendment of the Constitution bars the claims against them. The Eleventh Amendment provides that “the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced, or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.”[5]

AHTD and AHP argue that the arm-of-the-state doctrine applies. The arm-of the-state, or the alter ego doctrine, extends sovereign immunity to state agencies, commissions, or boards that bear such a close relationship to the state that a suit against it is in reality a suit against the state.[6]

Typically, whether a given entity is an arm-of-the-state is determined by a number of different factors: (1) the state-law characterization; (2) the degree of state control and supervision over the entity; (3) whether the entity has authority to sue and be sued in its name; (4) the source of funds for the entity including the ability to issue bonds and levy taxes on its own behalf; (5) the degree of local autonomy the entity enjoys; right to hold and use property; and (6) whether the entity performs governmental or propriety functions.[7]

Emphasizing two of these factors, the Eighth Circuit in *Parson* held that district courts should

---

[5]U.S. Const. amend XI.

[6]

[7]*Parson v. Northwest Arkansas Community College President*, 846 F. Supp. 1372, 1378 (W.D. Ark 1993).

> examine the particular entity in question and its powers and characteristics as created by state law to determine whether the suit in reality is a suit against the state. Courts typically look at the degree of local autonomy and control and most importantly whether the finds to pay any award will be derived from the state treasury.[8]

AHTD is under the administrative of control of the Arkansas Highway Commission which is a state agency created by the Arkansas Constitution,[9] and any monetary award against AHTD would come directly from the state treasury. Thus, AHTD and AHP have qualified for sovereign immunity under the factors set forth by the Eight Circuit.

Further, the Arkansas Supreme Court has held that the Arkansas Highway Commission is entitled to sovereign immunity and cannot not be sued,[10] and this Court has held that the AHTD and the AHP are the equivalent to claims against the State of Arkansas and are protected by sovereign immunity.[11]

Plaintiff argues that there is a possibility that the State of Arkansas has waived its immunity. Generally, courts will find a waiver either if the state voluntarily invokes jurisdiction, or if the state makes a "clear declaration" that it intends to submit itself to federal court jurisdiction.[12] A state's sovereign immunity is "personal privilege which it may waive at

---

[8]*Id.*

[9]Ark. Const. Amend. 42 § 1 seq

[10]*Arkansas Highway Commission v. Nelson Bros.*, 87 S.W.2d 394 (Ark. 1935).

[11]*Gammon v. Flowers, et al*, No. 2:04CV00205 SWW, *affirmed* 211 Fed. Appx. 523 (8th Cir. 2006).

[12]*College Sav. Bank v. Fla. Prepaidpostsecondary Ed. Expense Bd.*, 527 U.S. 666, 675 (1999).

pleasure."[13] Accordingly, the test for determining whether a State has waived its immunity from federal courts is a stringent one.[14]

Here, Plaintiff has not presented any evidence that Defendants waived their sovereign immunity. Since this court lacks jurisdiction over AHTD and AHP, Defendants' Motion to Dismiss AHTD and AHP is GRANTED.

**2. Defendants Dan Flowers and Ron Burks**

The Eleventh Amendment also bars federal suits against public servants in their official capacities when the "state is the real, substantial party of interest."[15] The Eleventh Amendment bars federal suits against public servants in their official capacities when the "state is the real, substantial party of interest."[16] The Eleventh Amendment, however, does not bar suits against a public servant in his official capacity when he is alleged to have committed an unconstitutional act or illegal act because the state has no authority to order such acts, and the official is therefore "stripped of his official or representative character."[17]

The Supreme Court has held that state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment.[18] The same doctrine

[13] *Edelman v. Jordan*, 415 U.S. 651, 666-67 (1974) (holding that a suit against a state official for violation of federal law may only seek injunctive relief governing the official's future conduct);

[14] *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241, 87 L. Ed 2d 171, 105 S. Ct. 3142 (1985).

[15] *Edelman* at 666-667

[16] *Id.*

[17] *Id.*

[18] *Ex Parte Young*, 209 U.S. 123 (1908).

does not extend to a state or its agencies.[19] So, individuals can be sued in their official capacity for prospective injunctive relief.

Here, Plaintiff requests injunctive relief and monetary damages. The Eleventh Amendment bars Plaintiff's claim for money damages against Flowers and Burks sued in their official capacity. Thus, Defendants' Motion to Dismiss the request for money damages from Flowers and Burks, acting in their official capacity, is GRANTED. However, Plaintiff's claim for injunctive relief remains. Therefore, Defendants' Motion to Dismiss Flowers and Burks is GRANTED in part and DENIED in part.

**B. Res Judicata**

Plaintiff alleges that he was paid a different salary than a similarly situated white employees. Defendants contend that this issue has already been litigated, summarily dismissed, and thus is barred by *res judicata*.

*Res judicata* excludes relitigation of a subsequent suit when: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or privies.[20]

*Res judicata* bars not only the relitigation of claims that were actually litigated in the first suit but also those that could have been litigated.[21] An order granting summary judgment is final

---

[19]*Pediatric Specialty Care, Inc. v. Ark. Dep't of Human Servs.*, 443 F.3d 1005, 1017 (8th Cir.2006)(holding that only state officials, not the state can be sued for injunctive relief).

[20]*Office of Child Support Enforcement v. Williams*, 995 S.W.2d 338, 350 (Ark. 1998).

[21]*Id.*

adjudication on the merits for the purposes of res judicata.[22] Where a case is based on the same events as the subject matter of a previous lawsuit, *res judicata* will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies.[23] *Res judicata* prevents parties relitigating issues on which they have already been given a fair judgment.[24]

On March 9, 2006, an Order was entered granting Defendants' motion for summary judgment in a case[25] Plaintiff filed against the same Defendants. The Honorable Susan Weber Wright concluded that Plaintiff failed to present genuine issues for trial with respect to his claim. Judge Wright granted the motion because Plaintiff failed to present any evidence that white officers who were similarly situated to him received higher wages.

Applying the factors of *res judicata*, the first element has been satisfied. The Court's entry of summary judgment constitutes a final judgment on the merits. Second, the Court had proper jurisdiction under 28 U.S.C. § 1343. Third, the case was fully contested in good faith, as demonstrated by Plaintiff's appeal. Fourth, the complaints in both cases allege the same claim against Defendants. Finally, the cases involve identical parties.

Since the issue of different pay was involved in the first case, summarily dismissed, and later affirmed by the Eight Circuit, res judicata bars this allegation. Accordingly, Defendants' Motion to Dismiss Plaintiff's Claim of Different Salary is GRANTED.

---

[22]*Parker v. Perry*, 131 S.W.2d 338, 346 (Ark. 2003).

[23]*Swofford v. Stafford*, 748 S.W.2d 660 (Ark. 1988).

[24]*McCormac v. McCormac*, 799 S.W.2d 806 (Ark. 1990).

[25]*Gammon v. Flowers, et al*, No. 2:04CV00205 SWW, *affirmed* 211 Fed. Appx. 523 (8th Cir. 2006).

## IV. CONCLUSION

For the above stated reasons, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part. AHTD and AHP are DISMISSED from this suit. Claims for money damages against Burks and Flowers are DISMISSED. Plaintiff's claim of different salary is DISMISSED. Thus, Plaintiff's claim for injunctive relief against Burks and Flowers is the only claim that remains.

IT IS SO ORDERED this 9th day of July, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE