**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**WILLIE GAMMON**                                                                                        **PLAINTIFF**

v.                                               2:07CV00148-WRW

**ARKANSAS STATE HIGHWAY
& TRANSPORTATION DEPARTMENT,** *et al.*                                **DEFENDANTS**

## ORDER

Pending is Defendants' Second Motion to Dismiss (Doc. No. 29). Plaintiff has responded. For the reasons set out below, Defendants' motion is DENIED.

**I.     BACKGROUND**

Plaintiff Willie Gammon, an African-American, was employed by Defendant Arkansas Highway Patrol ("AHP") for approximately twenty-two years before being terminated. The AHP is a division of Defendant Arkansas Highway and Transportation Department ("AHTD"). On November 7, 2007, Defendant Ron Burks ("Burks"), Chief of AHP, notified Plaintiff that he was being terminated for exhausting his leave and failing to answer requests regarding his status or employment intentions by AHP. The letter noted that the termination was effective September 6, 2007.

Plaintiff brought this action against his former employers for alleged violations of Title VII of the Civil Rights Act of 1964, the Arkansas Civil Rights Act of 1993, and 42 U.S.C. § 1981.[1] Plaintiff contends that he was fired while he was absent from work due to an illness and that he was paid a different salary than similarly situated white employees.[2] Plaintiff requests

---

[1]Doc. No. 1.

[2]*Id.*

compensatory damages, punitive damages, back-pay, liquidated damages, injunctive relief, and reinstatement or front-pay.[3]

In their First Motion to Dismiss,[4] Defendants argued that Plaintiff's Complaint should be dismissed because (1) the AHTD and AHP are immune from suit under the Eleventh Amendment; (2) the Eleventh Amendment prevents Plaintiff from seeking money damages against the director of the AHTD, Dan Flowers ("Flowers"), and the Chief of AHP, Burks, in their official capacity; (3) the different salary issue is barred by *res judicata* since it has already been litigated and summarily dismissed;[5] and (4) Plaintiff has failed to state a claim for which relief can be granted against Flowers or Burks.

In a July 9, 2008, Order,[6] I dismissed all of Plaintiff's claims except for prospective injunctive relief against Flowers and Burks. Defendants filed the second motion to dismiss requesting that "the remainder of plaintiff's complaint be dismissed with prejudice in its entirety . . . ."[7]

## II.  DISMISSAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), "dismissal is appropriate only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations."[8] Therefore, in reviewing a Motion to Dismiss, I must assume all facts alleged by Plaintiff are

---

[3]*Id.*

[4]Doc. No. 4.

[5]*Gammon v. Flowers, et al.*, 2:04-CV-00205-SWW (E.D. Ark. Mar. 9, 2006) *affirmed* 211 Fed. Appx. 523 (8th Cir. 2006).

[6]Doc. No. 19 ("Thus, Plaintiff's claim for injunctive relief against Burks and Flowers is the only claim that remains.").

[7]Doc. No. 30.

[8]*Reeve v. Oliver*, 41 F.3d 381, 382 (8th Cir. 1994).

true.[9]  "To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions."[10]

## III.     DISCUSSION

In their Second Motion to Dismiss, Defendants offer only one argument:

> Plaintiff has not been employed with Defendants since September, 2007. The purpose of an injunction is to prevent future wrongful acts. *Brown v. J.C. Penney Co.*, 54 F. Supp. 488 (D.C. Wyo. 1943). Since there is no employment relationship between the parties there is no possibility of any future acts and therefore there is nothing to enjoin.[11]

In his Complaint,[12] Plaintiff seeks injunctive relief for potential future harm by Defendants. The Eighth Circuit has held that "[a] federal court may therefore issue an injunction to prevent state officials from violating the Constitution without running afoul of the Eleventh Amendment."[13]

Plaintiff argues, and I agree, that *Brown* is "not supportive of the contention that prospective injunctive relief is not available to the Plaintiff based upon his Title VII contentions, *if he prevails*."[14] It appears nothing has changed since I ruled on Defendants' First Motion to Dismiss because Plaintiff was not an employee of Defendants in July, 2008, either. If Plaintiff

---

[9]*Autio v. AFSCME*, 140 F.3d 802, 804 (8th Cir. 1998).

[10]*Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

[11]Doc. No. 30.

[12]Doc. No. 1.

[13]*Heartland Acad. Cmty. Church v. Waddle*, 427 F.3d 525, 530 (8th Cir. 2005) (citing *Green v. Mansour*, 474 U.S. 64, 68 (1985)); see also *R.W.T. v. Dalton*, 712 F.2d 1225, 1233 (8th Cir. 1983) ("Although the juvenile officer may have limited immunity from liability for damages, there is no reason to extend that immunity to liability for equitable relief." (citation omitted)).

[14]Doc. No. 34 (emphasis added).

can prove at trial that injunctive relief is necessary to prevent future harm, then an injunction is appropriate in this case. Accordingly, Defendants' motion is DENIED.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendants' Second Motion to Dismiss (Doc. No. 29) is DENIED.

IT IS SO ORDERED this 9th day of March, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE