**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

WILLIE GAMMON                                                                            PLAINTIFF

v.                                           **2:07-CV-00148-WRW**

ARKANSAS STATE HIGHWAY
& TRANSPORTATION DEPARTMENT, *et al.*                                DEFENDANTS

<u>ORDER</u>

Pending is Defendants' Motion for Summary Judgment (Doc. No. 38). Plaintiff has

responded,[1] and Defendants have replied.[2] For the reasons set out below, Defendants' motion is

GRANTED.

**I.      BACKGROUND**

Plaintiff Willie Gammon, an African-American, was employed for approximately

twenty-two years before Defendant Arkansas Highway Patrol ("AHP") terminated his

employment. The AHP is a division of Defendant Arkansas Highway and Transportation

Department ("AHTD"). On November 7, 2007, Defendant Ron Burks ("Burks"), Chief of AHP,

notified Plaintiff that he was being terminated for exhausting his leave and failing to answer

requests by AHP regarding Plaintiff's status or employment intentions. The letter noted that the

termination was effective September 6, 2007.

Plaintiff brought this action against his former employers for alleged violations of Title

VII of the Civil Rights Act of 1964,[3] the Arkansas Civil Rights Act of 1993, and 42 U.S.C. §

---

[1]Doc. Nos. 45, 50.

[2]Doc. No. 48.

[3]42 U.S.C. § 2000e, *et seq.*

1981.[4] Plaintiff contends that he was fired while he was absent from work due to illness and that he was paid a different salary than similarly situated white employees.[5] Plaintiff requested compensatory damages, punitive damages, back-pay, liquidated damages, injunctive relief, and reinstatement or front-pay.[6]

I previously dismissed all of Plaintiff's claims, except for prospective injunctive relief under Title VII against Burks and Mr. Dan Flowers ("Flowers"), Director of AHTD.[7] Defendants filed the second motion to dismiss requesting that "the remainder of plaintiff's complaint be dismissed with prejudice in its entirety . . . ."[8] I denied Defendants' Second Motion to Dismiss[9] stating "[i]f Plaintiff can prove at trial that injunctive relief is necessary to prevent future harm, then an injunction is appropriate in this case."[10] Defendants then filed the motion for summary judgment.[11]

---

[4]Doc. No. 1.

[5]*Id.*

[6]*Id.*

[7]Doc. No. 19 ("Thus, Plaintiff's claim for injunctive relief against Burks and Flowers is the only claim that remains."). An April 20, 2009, letter reads: "It appears that Plaintiff is not entitled to any disability retirement because Plaintiff "withdrew all his retirement thereby losing any right to apply for disability retirement." See Doc. No. 47.

[8]Doc. No. 30.

[9]Doc. No. 29.

[10]Doc. No. 35.

[11]Doc. No. 38.

## II.      STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[12] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[13]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[14] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[15] I must view the facts in the light most favorable to the party opposing the motion.[16] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[17]

---

[12]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[13]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[14]*Inland Oil & Transp. Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[15]*Id.* at 728.

[16]*Id.* at 727-28.

[17]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[18]

## III.   DISCUSSION

Defendants seek summary judgment on Plaintiff's claim for prospective injunctive relief under Title VII.[19] Because Plaintiff's claims are based on indirect evidence, his claims must be analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green.*[20] Under the *McDonnell Douglas* analysis, the plaintiff must first establish a *prima facie* case of discrimination.[21] Once the plaintiff meets this initial threshold, a presumption arises that the employer "unlawfully discriminated against the employee."[22] The burden of production then shifts to the employer, who must articulate some legitimate, nondiscriminatory reason for the employment decision.[23]

The determination that a defendant has met its burden of production cannot be accomplished by assessing the credibility of the reason given by the defendant for its decision;[24] therefore, once the defendant articulates a "legitimate, nondiscriminatory reason for its decision," the presumption raised by the *prima facie* case of discrimination is rebutted and "drops from the case."[25] However, at all times in this analysis, the ultimate burden of production remains with the

---

[18]*Anderson*, 477 U.S. at 248.

[19]Doc. No. 39.

[20]411 U.S. 792 (1973).

[21]*Id.*

[22]*St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993).

[23]*McDonnell Douglas*, 411 U.S. at 802.

[24]*Hicks*, 509 U.S. at 509.

[25]*Id.* at 507.

plaintiff.[26] Once the defendant has met its burden, the plaintiff must have "a fair opportunity to show that [the employer's] stated reasons for [the employment decision was] in fact pretext,"[27] or that the proffered reason for the employer's action was not true.[28]

In order to establish a *prima facie* case of racially disparate treatment, Plaintiff must prove (1) that he is a member of a protected class; (2) that he was qualified for the position; (3) that he was terminated; and (4) that the employer did not take such action against non-members of the protected class.[29]

It is undisputed that Plaintiff was a member of a protected class -- he is African-American, that Plaintiff was qualified for his position, and that Plaintiff was terminated from employment. Under the fourth prong of the test, it appears Plaintiff has failed to show he was treated differently than another employee of a different race.

However, even assuming Plaintiff has established a *prima facie* case, Defendants have stated a legitimate, nondiscriminatory reason for terminating Plaintiff. After Plaintiff exhausted all leave (including FMLA), Defendants twice gave Plaintiff four options: (1) return to work and provide a full release from his doctor; (2) choose any available position with Defendants for which he was qualified; (3) apply for disability retirement; or (4) resign his employment with

---

[26]*Id.*

[27]*McDonnell Douglas*, 411 U.S. at 804.

[28]*Hicks*, 509 U.S. at 508; *see also Ledergerber v. Stangler*, 122 F.3d 1142, 1144 (8th Cir. 1997).

[29]*LaCroix v. Sears, Roebuck & Co.*, 240 F.3d 688, 693 (8th Cir. 2001).

Defendants.[30] As Defendants point out, Plaintiff "failed to take advantage of either opportunity" and was "legitimately terminated."[31]

In an effort to rebut this assertion and establish that Defendants' legitimate, nondiscriminatory reason is pretext, Plaintiff asserts that "other white persons who had been under medical leave have never been terminated for any reason while under doctor's care."[32] Yet Plaintiff fails to give examples of white employees who were not terminated in similar circumstances. Without any evidentiary support or explanation, these claims are nothing more than self-serving accusations of discrimination.

Based on the record, Plaintiff has not met his burden to show that Defendants' reason for Plaintiff's termination was pretext or that Defendants' proffered reason was not true. Accordingly, Plaintiff's claim for prospective injunctive relief under Title VII must be dismissed.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendants' Motion for Summary Judgment (Doc. No. 38) is GRANTED. This case is DISMISSED in its entirety.

IT IS SO ORDERED this 8th day of May, 2009.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[30]Doc. No. 49.

[31]*Id.*

[32]Doc. No. 51 (Exhibit A).